**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**GLENN R. SCHOENMETZ,**

**Plaintiff,**

**v.**                                                                    **Case No.: 8:05-cv-461-T-MSS**

**JO ANNE B. BARNHART,**
**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**
_____/

**ORDER**

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying claims for period of disability, disability insurance benefits and supplemental security income under the Act.

The Undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge (the "ALJ"), the exhibits filed, the administrative record and the pleadings and memoranda submitted by the parties in this case.

**I.     BACKGROUND**

**A.     Procedural History**

Plaintiff applied for a Period of Disability, Disability Insurance Benefits and

Supplemental Security Income on October 9, 2002.  (T. 17)  Plaintiff alleged an onset of disability on October 8, 2002, due to chronic, severe back pain, wrist and elbow pain, left knee problems and depression.  (T. 18, 80)  Plaintiff's claims were denied initially and upon reconsideration.  (T. 280, 283)  His claims were denied by an ALJ on August 26, 2004.  (T. 17) On January 13, 2005, the Appeals Council denied Plaintiff's requested review of the ALJ's decision.  (T. 9)  On March 11, 2005, the Appeals Council set aside the denial to consider additional evidence.  (T. 5)  After reviewing the additional evidence the Appeals Council again denied Plaintiff's request for review.  (T. 5)  This action for judicial review ensued.

**B.     Medical History and Findings Summary**

Plaintiff's medical history is set forth in the ALJ's decision.  By way of summary, Plaintiff was forty-eight years old when the ALJ's decision was issued in August 2004.  (T. 18, 321)  Plaintiff is a high school graduate with past work experience, including jobs as a diesel auto mechanic and auto technician.  (T. 18, 321-322)

After considering the evidence, including medical records from Plaintiff's treating and examining physicians, the ALJ found that Plaintiff does have impairments that are severe within the meaning of the Regulations, but not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4.  (T. 29, Finding Nos. 3-4)  Specifically, the ALJ found that Plaintiff suffered from status post right carpal tunnel syndrome,

reflex sympathetic dystrophy, disc herniation and affective disorder.   (T. 29,

Finding No. 3)

The ALJ evaluated Plaintiff's residual functional capacity (the "RFC") to

determine if he could return to his past relevant work or other work existing in

significant numbers in the national economy. The ALJ found that although Plaintiff

could not perform his past relevant work, he retained the RFC to perform a

significant range of light work with a sit/stand option throughout the relevant

period.  (T. 30, Finding Nos. 6, 12).   The ALJ listed several jobs Plaintiff could

perform, including production assembler, ticket taker, telephone survey worker,

telephone quote clerk, surveillance systems monitor, or school crossing guard.

(T. 30, Finding No. 12).  As such, the ALJ concluded that Plaintiff is not disabled

under the Act.  (T. 30, Finding No. 13)

## II.    STANDARD OF REVIEW

In an action for judicial review, the reviewing court must affirm the decision

of the Commissioner if it is supported by substantial evidence in the record as a

whole.  42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a

reasonable person would accept as adequate to support a conclusion."

Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is

substantial evidence to support the Commissioner's findings, this Court may not

decide the facts anew or substitute its judgment as to the weight of the evidence

for that of the Commissioner.  See  Goodley v. Harris, 608 F.2d 234, 236 (5th Cir.

1979).

No similar presumption of validity attaches to the Commissioner's legal conclusions; rather the Court reviews the application of law *de novo*. See Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993). If an error of law was committed by the Commissioner, the case must be remanded to the Commissioner for application of the correct legal standard. See McDaniel v. Bowen, 800 F.2d 1026, 1029-1030 (11th Cir. 1986); Smith v. Heckler, 707 F.2d 1284, 1285 (11th Cir. 1983). If the reviewing court is unable to determine from the Commissioner's decisions that the proper legal standards were applied, then a remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

As against this standard, Plaintiff asserts three points of error: (1) the ALJ failed to present a comprehensive hypothetical question to the vocational expert (the "VE") and thereby relied upon flawed responses from the VE; (2) the ALJ failed to fully and adequately consider and develop the record as to all of the severe impairments from which Plaintiff suffers; and, (3) the ALJ failed to fully and adequately weigh the substantial evidence in this matter.

For the reasons following, the Undersigned **AFFIRMS** the Commissioner's decision.

## III.   DISCUSSION

### A.   Whether the ALJ failed to present a comprehensive hypothetical question to the VE.

Plaintiff first contends that the hypothetical posed by the ALJ to the VE did

4

not adequately encompass all of Plaintiff's established impairments and related limitations.  (T. 7) The Commissioner asserts that substantial evidence supports the ALJ's finding that Plaintiff could perform simple, repetitive tasks.  (T. 11)

The legal standard on this issue is clear.  In order for the VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which encompasses all of the claimant's impairments.  Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999).  In this case, the ALJ made the following specific finding regarding Plaintiff's RFC: "He has moderate difficulties maintaining social functioning and concentration, persistence or pace, but *is capable of performing simple, repetitive tasks*."   T. 30 (emphasis added)   By comparison, the initial hypothetical posed by the ALJ to the VE instructed Plaintiff: "*would be limited to performing simple, repetitive mental-type task*."   T. 344 (emphasis added)   The ALJ's second hypothetical contained only a change in the frequency that Plaintiff could reach, handle, finger and feel with the right hand, but left all the other limitations unchanged.  (T. 345)   In the third hypothetical posed to the VE, the ALJ again only changed the frequency with which Plaintiff could handle and finger with the right hand.  (T. 347) The ALJ instructed the VE to keep everything else in the hypothetical the same.  (T. 347)

The difference between the ALJ's specific finding regarding Plaintiff's RFC and the hypotheticals posed to the VE is that the ALJ's finding included an explanation of Plaintiff's functional limitation. That is, the ALJ concluded that Plaintiff is limited to "simple, repetitive tasks" because he has "moderate

difficulties maintaining social functioning and concentration, persistence or pace."
(T. 30)  As the Commissioner notes, the ALJ is not required to pose to the VE the
reasons for a claimant's functional limitations.  It is only necessary to pose a
comprehensive hypothetical that includes the actual functional limitations.
Because the ALJ included the exact language of his RFC finding in the
hypothetical to the VE, the ALJ fully informed the VE of Plaintiff's limitations.  (T.
30, 344)  As such, the ALJ met the legal requirement and the resulting response
from the VE constituted substantial evidence upon which to base a conclusion
concerning whether Plaintiff was or was not disabled.

> **B.**    **Whether the ALJ failed to fully and adequately develop the
> record and failed to consider all of Plaintiff's severe
> impairments.**

Plaintiff argues next that the ALJ did not fully and adequately develop the
record and did not consider all of Plaintiff's severe impairments with respect to
Plaintiff's diagnosis of Reflex Sympathetic Dystrophy ("RSD").  (Pl. Br. at 11)
Plaintiff was diagnosed with RSD in his right hand/arm.  (T. 203-206, 217, 219)
The Social Security Administration has issued a Social Security Ruling ("SSR")
regarding RSD. RSD, also known as Complex Regional Pain Syndrome
("CRPS"), is a chronic pain syndrome most often resulting from trauma to a single
extremity.  (SSR 03-2p).  RSD is a medically determinable impairment when it is
documented at some point in time in the clinical record by appropriate medical
signs, symptoms and laboratory findings.  (SSR 03-2p).  The ALJ is to evaluate
RSD claims using the same sequential analysis as for other impairments.  (SSR

03-2p).

Plaintiff's complaints of pain were fully and adequately addressed by the ALJ.  The ALJ found the RSD impairment to be severe at step two but, not severe enough to meet or equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.  (T. 29, Finding Nos. 3, 4).  The ALJ then continued the analysis to reach a determination of Plaintiff's RFC in steps four and five.

In determining RFC, all of a claimant's symptoms must be considered in deciding how such symptoms may affect functional capacities. (SSR 03-2p). Careful consideration must be given to the effects of pain and its treatment on an individual's capacity to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis.  (SSR 03-2p).  Opinions from an individual's medical sources, especially treating sources, concerning the effect(s) of RSD on the individual's ability to function in a sustained manner in performing work activities, or in performing activities of daily living, are important in enabling adjudicators to draw conclusions about the severity of the impairments and the individual's RFC.  (SSR 03-2p).  When evaluating the duration and severity of RSD the effects of the chronic pain and the use of medications must be carefully considered.  (SSR 03-2p).

The standard for evaluating subjective evidence of pain in disability cases requires the ALJ to credit a claimant's subjective pain testimony if there is (a) evidence of an underlying medical condition and (b) either (1) objective medical

evidence to confirm the severity of the alleged pain <u>or</u> that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain.  <u>Mason v. Bowen</u>, 791 F.2d 1460, 1462 (11th Cir. 1986) (emphasis added).  This standard also applies to other subjective complaints.  <u>Holt v. Sullivan</u>, 921 F.2d 1221 (11th Cir. 1991).

Under the alternate prong of the pain standard, subjective pain testimony which is supported by clinical evidence of a condition that can reasonably be expected to produce the symptoms of which Plaintiff complains is itself sufficient to sustain a finding of disability.  This prong requires the ALJ to evaluate the credibility of a claimant's testimony as to pain and to articulate a reasonable basis for rejecting the testimony if it is rejected.  <u>Sewell v. Bowen</u>, 792 F.2d 1065, 1068 (11th Cir. 1986).  If the ALJ rejects a claimant's testimony regarding complaints of pain, he must articulate "explicit and adequate reasons" for doing so.  <u>Foote v. Chater</u>, 67 F.3d 1553, 1561 (11th Cir. 1995).  Further, the articulated reasons for discrediting a claimant's testimony must be supported by substantial evidence. <u>Hale v. Bowen</u>, 831 F.2d 1007, 1012 (11th Cir. 1987).  Failure to articulate reasons for rejecting a claimant's testimony requires the testimony be accepted as true as a matter of law. <u>Foote</u>, 67 F.3d at 1562.  The same is true if the articulated reasons for discrediting the testimony are not supported by substantial evidence. <u>Hale</u>, 831 F.2d at 1012.

In reviewing the ALJ's decision, the Court must first determine whether, as

a matter of law, the ALJ applied the correct legal standard in evaluating Plaintiff's complaints of pain and other subjective symptoms.  See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987).  If the Court finds that the ALJ applied the correct legal standard, the Court must determine whether the ALJ's finding that a claimant does not meet the Mason pain standard is supported by substantial evidence.  See id.  The Court may not disturb the ALJ's credibility finding if it is clearly articulated and supported by substantial evidence.  See Foote, 67 F.3d at 1562.

In the present case, the ALJ concluded that Plaintiff's claims of disabling pain were not entirely credible in light of the medical evidence.  (T. 24)  The ALJ applied the correct legal standard.  First, the ALJ determined the existence of an underlying medical condition. Next, the ALJ determined that the severity of the underlying condition was not of a severity which could reasonably be expected to give rise to the alleged pain.  Finally, the ALJ, for nearly three pages in his decision, clearly articulated the reasons that Plaintiff's chronic pain complaints lacked credibility.  The ALJ noted that Plaintiff did not continue any treatment for his hand and took over-the-counter Motrin for any pain.  (T. 26)  The ALJ also noted Plaintiff's treating doctor imposed a functional limitation of light work with limited use of the right hand and arm for gripping, pushing and pulling – a limitation the ALJ included in his finding of Plaintiff's RFC.  (T. 26, 30)  Therefore, substantial evidence supports the ALJ's rejection of Plaintiff's complaints of

chronic pain.

For these reasons, the Court finds that the ALJ fully and adequately addressed Plaintiff's complaints of pain and developed the record as dictated by law.

## IV.    CONCLUSION

For the reasons cited above, substantial evidence supports the ALJ's decision to deny Plaintiff's claims for disability benefits. Therefore, the Undersigned **AFFIRMS** the decision of the Commissioner and directs the **CLERK** to enter a final judgment on behalf of the Commissioner and **CLOSE** this case.

**DONE and ORDERED** in Tampa, Florida on this 29th day of March 2006.

MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of Record